RICHARD R. PATCH (State Bar No. 88049)
ANN E. JOHNSTON (State Bar No. 141252)
DAVID B. ANDERSON (State Bar No. 273419)
COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone:  415.391.4800
Facsimile:  415.989.1663
Email:  ef-rrp@cpdb.com,
        ef-aej@cpdb.com
        ef-dba@cpdb.com

Attorneys for Defendants
COXCOM, LLC and
COX COMMUNICATIONS
CALIFORNIA, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTI YOUSIF, an individual, ELIZABETH IOANE, an individual, ZACH BEIMES, an individual, and DAWN HARRELL, an individual, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>COXCOM, LLC, a Delaware limited liability company; COX COMMUNICATIONS CALIFORNIA, LLC, a Delaware limited liability company; and DOES 1 through 100,<br><br>    Defendants. | Case No. '15CV1499 JLS  MDD<br><br>Superior Court Case No. 37-2015-00018071-CU-BT-CTL<br><br>**NOTICE OF REMOVAL OF DEFENDANTS COXCOM, LLC AND COX COMMUNICATIONS CALIFORNIA, LLC** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

Defendants CoxCom, LLC and Cox Communications California, LLC (together, "Defendants") file this notice of removal of this action from the San Diego County Superior Court to the United States District Court for the

Southern District of California pursuant to 28 U.S.C. §§1332(d)(2)(A), 1441 and 1446.

## INTRODUCTION

1. On or about May 29, 2015, Plaintiffs Matti Yousif, Elizabeth Ioane, Zach Beimes, and Dawn Harrell (together, "Plaintiffs") filed a putative class action in the California Superior Court for the County of San Diego, Case No. 37-2015-00018071-CU-BT-CTL ("state court action"). A true copy of the Plaintiffs' complaint in the state court action is attached here as **Exhibit A** ("Complaint").

2. On June 8, 2015, each of the two named Defendants - CoxCom, LLC and Cox Communications California, LLC - was personally served through its registered agent for service of process with copies of the Complaint, summons, and other case initiating documents filed in the state court action. A true copy of all process, pleadings and orders served upon Defendants is attached here as **Exhibits A-D**.

3. Defendants have filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

4. **Jurisdiction.** As explained below, this is a civil putative class action over which this Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441. All of the requirements of CAFA are satisfied in this case: (1) the putative class consists of at least 100 members; (2) the citizenship of at least one proposed class member is different from that of at least one Defendant; and (3) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs.

5. In accordance with 28 U.S.C. §1446(d), Defendants are filing with the Superior Court, and serving on Plaintiffs, a Notice of Filing of Removal of Action. A true and correct copy of that notice is attached hereto as **Exhibit E.**

///

## I. PARTIES AND ALLEGATIONS OF THE COMPLAINT

6. As admitted in the Complaint, the Plaintiffs have resided at all times relevant to this action and now do continue to reside in California, Nevada or Arizona. Plaintiffs Yousif and Iaone reside in California (**Exhibit A, ¶¶**1 and 2). Plaintiff Beimes resides in Nevada (*id*., ¶3). Plaintiff Harrell resides in Arizona (*id*., ¶4). Defendants are informed and believe, and on that basis allege, that each of the Plaintiffs is a citizen of the state in which he or she resides, as alleged in the Complaint.

7. At the time the action was filed, and at the time of the filing of this notice, defendant Cox Communications California, LLC was and is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Atlanta, Georgia. See, **Exhibit A, ¶**8 (alleging same). The sole member of defendant Cox Communications California, LLC is defendant CoxCom, LLC. *See*, *id*.

8. At the time the action was filed, and at the time of the filing of this notice, defendant CoxCom, LLC was and is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Atlanta, Georgia. See, **Exhibit A, ¶**7 (alleging same). The sole member of CoxCom, LLC is Cox Communications, Inc., which is a corporation organized and existing under the laws of Delaware with its principal place of business in Atlanta, Georgia.

9. In the Complaint, Plaintiffs allege as follows[1]: Defendants offer cable television, internet, and telephone services to consumers nationwide (**Exhibit A, ¶**15); these services are offered both separately as well as part of a "bundle," including Defendants' "Advanced TV" service and other bundled services packages

---

[1] Any allegation recited by Defendants herein is not intended to be, and should not be construed to be, an admission of the truth of any allegation in the Complaint.

(*id.*); Defendants allegedly charge Advanced TV consumer subscribers unspecified charges that Defendants allegedly have not disclosed in their advertisements and other marketing materials for Advanced TV and otherwise without the authorization of their consumer subscribers (*id.*, ¶16); Plaintiffs purchased Advanced TV and allegedly have paid "at least $50 worth of additional, unauthorized 'Advanced TV' charges" in reliance based upon Defendants' alleged misrepresentations (*id.*, ¶17).

10. Based on the foregoing allegations, Plaintiffs allege claims for relief for violations of: the California Consumer Legal Remedies Act, section 1750, Cal. Civ. Code; the California Unfair Competition Law, sections 17200 & 17500, Cal. Bus. & Prof. Code; the Nevada Deceptive Trade Practices Act, section 598 *et seq.*, Nev. Rev. Stat.; the Arizona Consumer Fraud Act, section 44-1522(A), Ariz. Rev. Stat.; breach of express warranty; constructive trust; and, conversion. **Exhibit A, ¶¶29-86.**

11. Plaintiffs bring these claims on behalf of themselves and a proposed class and sub-classes allegedly consisting of "thousands" of Defendants' Advanced TV subscribers residing in California, Nevada, and Arizona. **Exhibit A, ¶¶**19 and 21. Plaintiffs admit and allege that the "members of the Class are so numerous that their individual joinder is impracticable." *Id.,* ¶22.

12. In their prayer for relief, Plaintiffs seek - among other things - injunctive and declaratory relief, disgorgement of excess profits, a "full refund" of the purportedly unlawful charges, "actual damages suffered by Plaintiffs and members of the Class," punitive damages, attorneys' fees, and all litigation expenses. **Exhibit A,** p. 20:10-24.

**II.    THERE ARE MORE THAN 100 PUTATIVE CLASS MEMBERS.**

13. Plaintiffs purport to represent three sub-classes, defined as follows:

> The proposed California Class consists of: all persons in the State of California who have paid Defendant a separate "Advanced TV" fee in addition to the monthly, recurring charges for its Advanced TV television cable service (the "California Class"). The proposed Nevada Class consists

of: all persons in the State of Nevada who have paid Defendant a separate "Advanced TV" fee in addition to the monthly, recurring charges for its Advanced TV television cable service (the "Nevada Class"). The proposed Arizona Class consists of all persons in the State of Arizona who have paid Defendant a separate "Advanced TV" fee in addition to the monthly, recurring charges for its Advanced TV television cable service (the "Arizona Class").

Exhibit A, ¶19.

14. Plaintiffs admit that the Class consists of "thousands of persons" just in the State of California, and that the members of the Class are "so numerous that joinder of each member is impractical." **Exhibit A,** ¶21; see also, *id*., ¶22.

### III. MINIMAL DIVERSITY EXISTS BETWEEN THE PARTIES.

15. Under 28 U.S.C. §1332(d)(2)(A), a class action is subject to removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

16. Plaintiffs are residents of California, Arizona or Nevada. **Exhibit A,** ¶¶1-4.

17. At the time the action was filed, and at the time of the filing of this notice, both of the named Defendants were and are citizens of Delaware and Georgia. Both Defendants are limited liability companies. For purposes of determining diversity under CAFA, any "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. §1332(d)(10). This rule applies to limited liability companies. *Ferrell v. Express Check Advance of South Carolina LLC,* 591 F.3d 698, 705 (4th Cir. 2010). As alleged and admitted in the Complaint, both defendant Cox Communications California, LLC and defendant CoxCom, LLC were formed under the laws of Delaware and have their principal place of business in Georgia. **Exhibit A,** ¶¶7 and 8.

///

///

18. Because Plaintiffs are citizens of California, Arizona or Nevada, and the two Defendants are citizens of Delaware and Georgia, there is minimal diversity between the parties.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION IN THE AGGREGATE

19. Under 28 U.S.C. §1332(d)(2), an action is removable under CAFA only where "the matter in controversy exceeds the sum or value of $5,000,000…." The "amount in controversy" for a class action being removed under CAFA is based on the *aggregated* claims of the entire class or classes, exclusive of interest and costs. 28 U.S.C. §1332(d)(6). Where no specific amount is stated, the Court "must assume that the allegations of the complaint are true, and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.*, citing *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005).

20. Although the Complaint alleges that the Plaintiffs are informed and believe and thereon allege that the total amount in controversy is "less than $5,000,000.00," a plaintiff seeking to represent a putative class cannot evade federal jurisdiction under CAFA by alleging or otherwise stipulating that the amount in controversy falls below the jurisdictional minimum. *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1350, 185 L.Ed. 2d 439 (2013); *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (reversing lower court's remand order that was based upon plaintiff's allegation that "the aggregate amount in controversy is less than five million dollars").

21. When it is unclear from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant only needs to make a "plausible allegation" that the amount in controversy exceeds $5 million. *Dart Cherokee Operating Basin Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). A

removing defendant need not submit any evidence with the notice of removal in support of those allegations. *Id.*

22.  While Defendants do not admit or accept the truth or accuracy of the claims alleged in the Complaint, and deny that Plaintiffs - or any putative class members - are entitled to any monetary (or other) relief, the amount in controversy according to the allegations of the Complaint satisfies the jurisdictional threshold under 28 U.S.C. §1332(d)(2).  Although the Complaint does not specify the total amount in controversy, assuming for purposes of this Notice of Removal that the allegations of the Complaint are true, it is clear that more than $5 million has been put in controversy.

23.  Among other things, the Complaint alleges that Defendants' "standardized, uniform marketing materials that advertised the price of Advanced TV" were false and misleading and that "as a result of Defendants' wrongful conduct, Defendant has wrongfully received *millions of dollars* from Advanced TV subscribers." **Exhibit A**, ¶16 (emphasis added).

24.  The Complaint further alleges that the putative class is comprised of "thousands" of Cox customers who, as a result of Defendants' alleged misconduct, paid extra "unauthorized" fees to Defendants for their Advanced TV subscriptions. **Exhibit A**, ¶¶19, 21.

25.  The four Plaintiffs allege that they have paid Defendants "at least $50 worth of "additional, unauthorized 'Advanced TV' charges, in additional (sic) to other losses." **Exhibit A**, ¶17.  It is unclear from Plaintiffs' allegations whether their claim is that they each paid at least $50 in such fees, or collectively paid at least $50 in such fees (or approximately $12.50 each).

26.  In the last four years, substantially more than 400,000 Cox subscribers living in California, Nevada and Arizona have subscribed to Advanced TV. Because 400,000 Advanced TV subscribers multiplied by $50 equals $20 million,

///

1  and 400,000 Advanced TV subscribers multiplied by $12.50 equals $5 million, there
2  is at least $5 million in controversy in this action.
3      27.    Moreover, in addition to the recovery of what they claim were
4  "unauthorized fees" paid by them to Defendants, Plaintiffs also seek an injunction
5  requiring Defendants to change their promotional materials, the disgorgement by
6  Defendants of profits, attorneys' fees and punitive damages.  Because Plaintiffs have
7  prayed for these additional forms of relief, the amounts in controversy described
8  above (based upon the amount of allegedly "unauthorized fees" paid by Plaintiffs to
9  Defendants) actually understates the amount in controversy.  *Rippee*, 408 F.Supp.2d
10 at 984 (calculation of the amount in controversy takes into account claims for
11 punitive damages and attorneys' fees if possibly recoverable as a matter of law);
12 *Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L DHB, 2014 WL 3818304, at *4
13 (S.D. Cal. Aug. 4, 2014) (denying remand order after increasing "aggregate value of
14 claims" by additional 25% as benchmark for attorneys' fees in estimating the total
15 amount in controversy for CAFA jurisdictional purposes).

## CONCLUSION

Because this case is removable pursuant to 28 U.S.C. §1332(d), further proceedings in the action in the Superior Court for San Diego County, State of California, should be discontinued, and the action should be removed to the United States District Court for the Southern District of California.

///
///
///
///
///
///
///
///

**NOTICE TO INTERESTED PARTIES**

There are no presently known interested parties to this action, other than the named parties.

DATED: July 7, 2015      COBLENTZ PATCH DUFFY & BASS LLP


By: /s/ *Richard R. Patch*
Richard R. Patch
Attorneys for Defendants
COXCOM, LLC and
COX COMMUNICATIONS
CALIFORNIA. LLC