# EXHIBIT A

1　DERRICK F. COLEMAN – State Bar No. 170955
　　derrick@colemanfrost.com
2　R. JEFFREY NEER – State Bar No. 190417
　　**COLEMAN FROST LLP**
3　429 Santa Monica Blvd., Suite 700
　　Santa Monica, CA 90401
4　Telephone: (310) 576-7312
　　Facsimile: (310) 899-1016
5

6　Attorney for Plaintiffs MATTI YOUSIF,
　　ELIZABETH IOANE, ZACH BEIMES,
7　and DAWN HARRELL

8

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**05/29/2015** at 04:46:23 PM
Clerk of the Superior Court
By Veronica Learned, Deputy Clerk

9　　　　　**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10　　　　　**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| 11　MATTI YOUSIF, an individual,<br>　　ELIZABETH IOANE, an individual, and<br>12　ZACH BEIMES, an individual, and<br>　　DAWN HARRELL, an individual, on<br>13　behalf of themselves and all others<br>14　similarly situated,<br><br>15　　　　　　　　　　Plaintiffs,<br>16　vs.<br>17　COXCOM, LLC, a Delaware limited liability<br>18　company;<br>　　COX COMMUNICATIONS CALIFORNIA,<br>19　LLC, a Delaware limited liability company;<br>　　and<br>20　DOES 1 through 100, ,<br>21<br>22　　　　　　　　　　Defendants. | Case No:　37-2015-00018071-CU-BT-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CIVIL CODE SECTION 1750;**<br><br>**(2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET. SEQ.;**<br><br>**(3) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17500;**<br><br>**(4) VIOLATIONS OF NEVADA'S DECEPTIVE TRADE PRACTICES ACT (NRS 598 ET SEQ.);**<br><br>**(5) VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT, ARIZ. REV. STAT. § 44-1522(A).**<br><br>**(6) BREACH OF EXPRESS WARRANTY;**<br><br>**(7) CONSTRUCTIVE TRUST;**<br><br>**(8) CONVERSION.** |

23

24

25

26

27

28

CF
ATTORNEYS AT LAW
SANTA MONICA

1    Plaintiffs Matti Yousif, Elizabeth Ioane, Zach Beimes, and Dawn Harrell individually, and

2  on behalf of all others similarly situated (hereinafter collectively "Plaintiffs"), hereby complain

3  and allege on information and belief as follows:

4                                       **PARTIES**

5    1.    Plaintiff Matti Yousif ("Mr. Yousif" or "Plaintiff Yousif") is an individual who at

6  all times herein relevant resided, and continues to reside in or around San Diego, California, the

7  County of San Diego.

8    2.    Plaintiff Elizabeth Ioane ("Ms. Ioane" or "Plaintiff Ioane") is an individual who at

9  all times herein relevant resided, and continues to reside, in or around Oceanside, California, in

10  the County of San Diego.

11    3.    Plaintiff Zach Beimes ("Mr. Beimes" or "Plaintiff Beimes") is an individual who

12  at all times herein relevant resided, and continues to reside, in or around Henderson, Nevada, in

13  Clark County.

14    4.    Plaintiff Dawn Harrell ("Ms. Harrell" or "Plaintiff Harrell") is an individual who at

15  all times herein resided, and continues to reside, in or around Phoenix, Arizona, in Maricopa

16  County.  Mr. Yousif, Ms. Ioane, Mr. Beimes and Ms. Harrell are collectively referred to herein as

17  "Plaintiffs."

18    5.    Plaintiffs seek relief in their individual capacities and on behalf of the statewide

19  Class for the state in which each of them resides (defined below).

20    6.    On information and belief, Cox Enterprises, Inc. is a privately-held media

21  conglomerate engaged in various industries, including but not limited to, providing Internet

22  broadband communications and entertainment-related services; operating broadcast television and

23  radio stations, metro newspapers and more than a dozen non-daily publications; and providing

24  vehicle remarketing services and digital marketing and software solutions for automotive dealers

25  and consumers.

26    7.    On information and belief, defendant CoxCom, LLC is a limited liability company

27  organized and existing under the laws of the State of Delaware with its principal place of business

28  in Atlanta, Georgia.  On information and belief, defendant CoxCom, LLC is the subsidiary of Cox

1  Enterprises, Inc. engaged in providing cable television, Internet broadband and other

2  entertainment-related services.  On information and belief, Defendant CoxCom, LLC is the

3  nation's third largest television cable and broadband company and one of the largest broadband

4  communications companies in the United States, with services including residential and

5  commercial video, data and voice offerings in California, Nevada, Arizona and/or elsewhere.

6      8.      On information and belief, defendant Cox Communications California, LLC is a

7  limited liability company organized and existing under the laws of the State of Delaware with its

8  principal place of business in Atlanta, Georgia. and is a subsidiary of CoxCom, LLC.  On

9  information and belief, CoxCom, LLC provided television cable service to thousands of

10  California residents prior to January 1, 2012.  On information and belief, on August 24, 2011

11  CoxCom, LLC formed, and became the sole member of, Cox Communications California, LLC

12  and, starting on January 1, 2012, Cox Communications California, LLC began providing

13  television cable services to thousands of California residents. On information and belief, during

14  the past four years prior to the filing of this Complaint, CoxCom, LLC and Cox Communications

15  California, LLC have collectively received millions of dollars from cable television subscribers in

16  California.

17      9.      Plaintiffs are unaware of the true names, identities or capacities, whether

18  individual, corporate, associate or otherwise, of those defendants sued herein as DOES 1 through

19  100, inclusive.  Plaintiffs therefore sue said defendants by such fictitious names.  Plaintiffs will

20  seek leave to amend this Complaint to set forth the true names and capacities of these defendants

21  when they are ascertained.

22      10.      Plaintiffs are informed and believe and on that basis allege that defendants sued

23  herein as DOES 1 through 100, inclusive, and each of them, are in some way responsible for the

24  acts and events complained of herein, and proximately caused the injuries and damages to

25  Plaintiffs and the Class which are described in this Complaint.  Plaintiffs will seek leave of court

26  to amend this Complaint to more specifically set forth these defendants' wrongful conduct when

27  it has been ascertained.

28      11.      Plaintiffs are informed and believe and on that basis allege that at all times herein

1  mentioned, the named defendants and DOES 1 through 100, and each of them, were the

2  principals, agents, servants, employers, employees, representatives, subsidiaries, affiliates of said

3  defendants and operating within the purpose and scope of their relationships with defendant, and

4  engaged in conduct that was directed, authorized, ratified, approved, or otherwise sanctioned by

5  defendants and that DOES 1 through 100 are responsible in some manner for the occurrences

6  and/or acts complained of herein and are liable to Plaintiffs and the Class.  Defendants CoxCom,

7  LLC and Cox Communications California, LLC and DOES 1 through 100 are collectively

8  referred to herein as "Defendant" or "Cox."

9  **JURISDICTION AND VENUE**

10      12.    This Court has subject matter jurisdiction over this action pursuant to California

11  Business and Professions Code §§ 17203, 17204 and 17535 and Civil Code § 1780.

12      13.    This Court has personal jurisdiction over Cox because it conducted and continues

13  to conduct business in the State of California, County of San Diego, including supplying cable

14  television to residents of San Diego.  Cox has sufficient minimum contacts with California and

15  purposely availed itself of the laws of the State of California by conducting the transactions that

16  are the subject of this action therein. Venue is proper in this Court pursuant to California Code of

17  Civil Procedure §§ 395 and 395.5, Business and Professions Code §§ 17203, 17204 and 17535,

18  and Civil Code § 1780(c) because Defendant conducts business in this County and because a

19  substantial portion of Defendant's misconduct alleged herein occurred in this County.

20      14.    Federal subject matter jurisdiction over this action does not exist.  Plaintiffs are

21  informed and believes that the parties in this action do not meet the diversity requirements of the

22  Class Action Fairness Act of 2005, which allows Plaintiffs to bring this action in California State

23  Court.  Plaintiffs are informed and believe and thereon alleges that the total amount in

24  controversy is less than $5,000,000.00.  If new facts are obtained with respect to the amount at

25  issue, Plaintiffs will seek leave to amend this Complaint.  Plaintiffs and the members of the Class

26  assert no federal question.  The state law claims mandate that this action be heard in a California

27  state court.

28

1

## FACTUAL ALLEGATIONS

2      15.    Defendant offers cable television services to consumers in various states

3 throughout the country, including the states where Plaintiffs herein reside. Defendant's offerings

4 include various levels of cable television service, including but not limited to "Cox Essential TV",

5 "Cox Advanced TV", "Cox Advanced TV Preferred", and "Cox Advanced TV Premier", which

6 consist of various combinations of cable channels and other features. In addition to selling cable

7 service, Internet service, and/or phone service separately, Defendant offers "bundles" of cable

8 television, Internet, and telephone services; a number of Defendant's bundled services include its

9 "Advanced TV" service, including but not limited to, "Cox Advanced TV and Internet Essential,"

10 "Cox Advanced TV and Internet Preferred," "Cox TV and Phone Essential," and "Cox TV and

11 Phone Premier."

12      16.    Defendant represents to consumers in its standardized, uniform marketing

13 materials that the advertised price of Advanced TV includes the total amount of the monthly

14 recurring fees for Advanced TV and applicable discounts (including, for example, temporary

15 "promotional" rates that expire after a few months) and that the only other charges not included in

16 the advertised price consist of government-mandated applicable taxes, fees, and surcharges. In

17 reality, however, unbeknownst to consumers, and without their authorization or consent,

18 Defendant has charged, and continues to charge, many Advanced TV subscribers separate,

19 additional amounts for Advanced TV. Defendant has failed, and continues to fail, to disclose

20 these additional, unauthorized fees to consumers or that the price for Advanced TV as advertised

21 by Defendant does not include these additional, unauthorized charges. Instead, on information

22 and belief, Defendant deliberately misleads consumers and obfuscates these additional,

23 unauthorized charges, including but not limited to, by misleadingly and confusingly labelling

24 them as fees for "Advanced TV", the name of the television cable service. To the extent that

25 Defendant's marketing materials alleged herein contain any qualifying disclosures concerning the

26 monthly price Plaintiffs and the Class consumers will pay for Advanced TV, any such disclosures

27 are and were inadequate in terms of their content, presentation, proximity, prominence or

28 placement such that consumers are unlikely to see or understand such disclosures. On

1    information and belief, consumers have purchased Advanced TV from Defendant as well as paid

2    these additional, unauthorized charges in reliance upon Defendant's misrepresentations,

3    misleading statements, omissions and other wrongful conduct.  On information and belief, as a

4    result of Defendant's wrongful conduct, Defendant has wrongfully received millions of dollars

5    from Advanced TV subscribers.

6         17.    Within the past four years, Plaintiffs Yousif and Ioane subscribed to Defendant's

7    Advanced TV cable television service for service in San Diego County, California, Plaintiff

8    Beimes subscribed to Defendant's Advanced TV cable television service in Clark County,

9    Nevada, and Plaintiff Dawn Harrell subscribed to Defendant's Advanced TV cable television

10   service in Maricopa County, Arizona.  Prior to Plaintiffs making their respective purchases of

11   Defendant's Advanced TV cable television service, Defendant represented to Plaintiffs in its

12   standardized, uniform marketing materials that the advertised price of Advanced TV includes the

13   total amount of the monthly recurring fees for Advanced TV and applicable discounts (including,

14   for example, temporary "promotional" rates that expire after a few months) and that the only other

15   charges not included in the advertised price consist of government-mandated applicable taxes,

16   fees, and surcharges.  In reality, however, unbeknownst to Plaintiffs, and without their

17   authorization or consent, Defendant has charged, and continues to charge, Plaintiff separate,

18   additional amounts for Advanced TV. Defendant has failed, and continues to fail, to disclose

19   these additional, unauthorized charges to Plaintiffs and other consumers or that the price for

20   Advanced TV as advertised by Defendant does not include these additional, unauthorized

21   charges.  Plaintiffs purchased Advanced TV from Defendant and paid these additional,

22   unauthorized charges in reliance upon Defendant's misrepresentations, misleading statements,

23   omissions and other wrongful conduct.  As a result of Defendant's wrongful conduct, Plaintiffs

24   paid Defendant at least $50 worth of additional, unauthorized "Advanced TV" charges, in

25   additional to other losses.  Accordingly, Plaintiffs have suffered actual damages as a result of

26   Defendant's wrongful conduct.

27                              **CLASS ALLEGATIONS**

28         18.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

1  paragraphs above as if fully set forth herein.

2      19.      Plaintiffs brings this lawsuit on behalf of themselves and the members of the

3  proposed Class under California Code of Civil Procedure, Section 382, and California Civil

4  Code, Sections 1752, 1780, and 1781.  The proposed California Class consists of: all persons in

5  the State of California who have paid Defendant a separate "Advanced TV" fee in addition to the

6  monthly, recurring charges for its Advanced TV television cable service (the "California Class").

7  The proposed Nevada Class consists of: all persons in the State of Nevada who have paid

8  Defendant a separate "Advanced TV" fee in addition to the monthly, recurring charges for its

9  Advanced TV television cable service (the "Nevada Class").  The proposed Arizona Class

10  consists of: all persons in the State of Arizona who have paid Defendant a separate "Advanced

11  TV" fee in addition to the monthly, recurring charges for its Advanced TV television cable

12  service (the "Arizona Class").  (The California Class, Nevada Class, and Arizona Class are

13  individually and collectively referred to herein as "the Class").

14      20.      Subject to additional information obtained through further investigation and

15  discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or

16  amended complaint.  Specifically excluded from the proposed Class is Defendant, its officers,

17  directors, agents, trustees, parents, children, corporations, trusts, representatives, employees,

18  principals, servants, partners, joint venturers, or entities controlled by Defendants, and its heirs,

19  successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its

20  officers and/or directors, or any of them; the Judge assigned to this action, and any member of the

21  Judge's immediate family.

22      21.      This action may properly be maintained as a class action pursuant to California

23  Code of Civil Procedure § 382 and Civil Code §§ 1752, 1780 and 1781.  Plaintiffs are informed

24  and believe that the Class consists of thousands of persons in the State of California.  The

25  members of the Class are so numerous that separate joinder of each member is impractical.

26  Appropriate discovery can determine the exact number of Class members.  The disposition of

27  their claims in a class action will provide substantial benefits to the parties and the Court.

28  Furthermore, the prosecution of separate actions by individual members of the Class would create

1   a risk of inconsistent or varying adjudications and would necessarily be dispositive of claims

2   owned by non-party class members.  Further:

3       22.   ***Numerosity***.  The members of the Class are so numerous that their individual

4   joinder is impracticable.  Plaintiffs are informed and believe, and on that basis alleges, that the

5   proposed Class contains thousands of members.  The precise number of Class members is

6   unknown to Plaintiffs.  The true number of Class members is known by the Defendant, however,

7   and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by

8   published notice.

9       23.   ***Existence and Predominance of Common Questions of Law and Fact***.  There

10   exists a well-defined community of interest in the questions of law and fact presented by this

11   controversy.  Common questions of law and fact exist as to all members of the Class and

12   predominate over any questions affecting only individual Class members.  These common legal

13   and factual questions include, but are not limited to, the following:

14           (a)   whether Defendant made statements to Plaintiffs and the Class concerning

15   the amounts charged by Defendant for its Advanced TV;

16           (b)   whether Defendant's alleged statements are false, or are misleading, or

17   reasonably likely to deceive;

18           (c)   whether Defendant's alleged conduct is misleading or reasonably likely to

19   deceive;

20           (d)   whether Defendant's alleged conduct violates public policy;

21           (e)   whether Defendant's alleged conduct constitutes violations of the laws

22   asserted herein;

23           (f)   whether Defendant engaged in false or misleading advertising;

24           (g)   whether Defendant made express warranties to Plaintiffs and to the Class;

25           (h)   whether Defendant breached express warranties made to Plaintiffs and to

26   the Class;

27           (i)   whether Defendant has received ill-gotten gains from Plaintiffs and the

28   Class as a result of its alleged wrongful conduct;

(j)     whether Defendant has been unjustly enriched because Defendant knowingly gained and retained money in an inequitable manner at the expense of Plaintiffs and the Class;

(k)     whether Defendant wrongfully took possession of and has since retained monies belonging to Plaintiffs and the Class;

(l)     whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;

(m)     whether Plaintiffs and Class members are entitled to an award of restitution;

(n)     whether Plaintiffs and Class members are entitled to declaratory and injunctive relief.

24.     *Typicality*.  Plaintiffs' claims are typical of the claims of the members of the Class in that, among other reasons, Defendant was unjustly enriched as a result of Plaintiffs' and the Class' respective purchases of Defendant's Advanced TV television cable service.

25.     *Adequacy of Representation*.  Plaintiffs will fairly and adequately protect the interests of the members of the Class.  Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs has no adverse or antagonistic interests to those of the Class.

26.     *Superiority* (to the extent required).  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendant.  It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the

benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here. In the alternative, the Class may also be certified because:

       (a)   the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

       (b)   the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

       (c)   Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

24.    Adequate notice can be given to Class members directly using information maintained in Defendant's records or through notice by publication.

25.    Damages may be calculated, in part, from the sales information maintained in Defendant's records, so that the cost of administering a recovery for the Class can be minimized. However, the precise amount of damages available to Plaintiffs and the other members of the Class is not a barrier to class certification.

26.    Plaintiffs seek a preliminary and permanent injunction and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described, and requiring Defendant to provide full restitution to Plaintiffs and Class members.

27.    Unless a class is certified, Defendant will retain monies received as a result of its conduct that was taken from Plaintiffs and proposed Class members. Unless a class-wide

1    injunction is issued, Defendant will continue to commit the violations alleged, and the members

2    of the Class and the general public will continue to be misled.

3         28.    Defendant has acted and refused to act on grounds generally applicable to the

4    Class, making appropriate final injunctive relief with respect to the Class as a whole.

5                              **FIRST CAUSE OF ACTION**

6    **For Violations of the Consumers Legal Remedies Act (Civil Code §1750 *et seq.*)**

7         **On Behalf of Plaintiffs Yousif and Ioane and the California Class**

8         29.    Plaintiffs re-allege and incorporate by reference the allegations contained in the

9    paragraphs above as if fully set forth herein.

10        30.    This cause of action is brought pursuant to the Consumers Legal Remedies Act,

11   Civil Code, Section 1750, *et seq.* (the "Act"). Each of the named Plaintiffs is a consumer as

12   defined by Civil Code, Section 1761(d). Defendant's Advanced TV television cable is a service

13   and/or good within the meaning of the Act.

14        31.    Defendant violated and continues to violate the Act by engaging in the following

15   practices proscribed by Section 1770(a) of the Act in transactions with Plaintiffs and the Class

16   which were intended to result in, and did result in, the sale of Advanced TV television cable and

17   payment of Defendant's additional, unauthorized charges to and Plaintiffs and the Class:

18              (a)    Representing that [Advanced TV television cable] have....characteristics,

19                     uses [or] benefits.....which [it does] not have......

20              (b)    Representing that a transaction confers or involves rights, remedies, or

21                     obligations which it does not have or involve....

22              (c)    Advertising [Advanced TV television cable] with intent not to sell [it] as

23                     advertised.

24              (d)    Representing that [Advanced TV television cable] [has] been supplied in

25                     accordance with a previous representation when [it has] not.

26        32.    Defendant violated the Act by making the representations and advertisements

27   concerning Advanced TV described above when it knew, or should have known, that the

28   representations and advertisements were false, deceptive and misleading.

33.     Defendant's unfair methods of competition and unfair or deceptive acts or practices were material to Plaintiffs' and other Class members' decision to purchase Defendant's Advanced TV television cable and pay Defendant's additional, unauthorized charges for Advanced TV.  Plaintiffs and the Class reasonably relied on the misrepresentations and misleading statements and omissions made by Defendant, and sustained injury in fact as a result of Defendant's misconduct, including but not limited to, the loss of money used to purchase Advanced TV television cable from Defendant, pay Defendant's additional unauthorized charges, and loss of use of these funds.  As a result of Defendant's conduct, Plaintiffs and Class members have sustained actual damage and out-of-pocket losses.

34.     Plaintiffs have standing to bring an action pursuant to the CLRA on behalf of himself and the Class because Plaintiffs and the members of the Class have sustained damage as a result of Defendant's wrongful conduct.  Plaintiffs are seeking the recovery of monetary damages.

35.     Pursuant to Section 1782 of the CLRA, Plaintiffs' counsel notified Defendant in writing via certified mail (return receipt requested) of the particular violations of the CLRA described more fully above and demanded that Defendant rectify the actions described above by, among other things, providing complete monetary relief and agreeing to cease the unlawful business practices alleged in this pleading (a copy of said letters is attached as Exhibit A).  Defendant, however, responded by denying that it has violated the CLRA and refusing to rectify the actions discussed above, including refusing to provide any monetary relief and refusing to cease its unlawful business practices.

36.     Plaintiffs have incurred attorneys' fees and costs in connection with the filing of this Complaint and anticipate incurring additional attorneys' fees and costs in connection with the prosecution of this action.  An award of attorneys' fees is therefore appropriate pursuant to, among other grounds, Civil Code, Section 1780(d).

37.     Pursuant to Section 1782(d) of the Act, Plaintiffs and the Class seek a Court order enjoining the above-described wrongful acts and practices and for restitution and disgorgement.

38.     In doing the things mentioned above, Defendant acted with malice, fraud and/or oppression, and in conscious disregard of Plaintiffs' and the Class' rights, so as to entitle Plaintiffs and the Class to recovery of punitive damages.  Plaintiffs are informed and believe, and thereon allege, that all of the acts alleged herein against Defendant were performed, authorized or ratified by Defendant's officers, directors, and/or managing agents.  Accordingly, Plaintiffs and the Class are entitled to an award of punitive damages.

39.     Plaintiffs have incurred attorneys' fees and costs in connection with the filing of this Complaint and anticipates incurring additional attorneys' fees and costs in connection with the prosecution of this action.  An award of attorneys' fees is therefore appropriate pursuant to, among other grounds, Civil Code, Section 1780(d).

40.     Pursuant to Section 1780(d) of the Act, attached hereto as Exhibit B are Plaintiffs' affidavits showing that this action has been commenced in the proper forum.

## SECOND CAUSE OF ACTION

**Unlawful Business Acts and Practices in Violation of California Business & Professions Code Section 17200, et seq., On Behalf of Plaintiffs Yousif and Ioane and the California Class**

41.     Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

41.     Business & Professions Code Section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendant has violated each of these provisions of Business & Professions Code, Section 17200.

42.     Defendant has violated Section 17200's prohibition against engaging in unlawful acts and practices by, among other things, making the representations and omissions of material facts, as set forth more fully herein, and violating, among other statutes, Civil Code, Sections 1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code, Sections 17200 *et seq.* and 17500 *et seq.*, and by violating the common law.

43.     Plaintiffs and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

44.     Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code Section 17200 *et seq*. in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

45.     As stated in this Complaint, Plaintiffs allege violations of consumer protection, unfair competition and truth in advertising laws resulting in harm to consumers.  Plaintiffs assert violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.

46.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

47.     Defendant's claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code, Section 17200, and actually *did* deceive Plaintiff.

48.     Defendant's labeling, website and other advertisements, as described herein, also constitute unfair, deceptive, untrue and misleading advertising.

49.     Defendant's conduct caused and continues to cause substantial injury to Plaintiffs and the other Class members.  Plaintiffs have suffered injury in fact and has lost money as a result of Defendant's unfair conduct.  Plaintiffs were exposed to, saw, and relied on Defendant's representations and purchased Advanced TV television cable and paid Defendant's additional, unauthorized "Advanced TV" charges from Defendant in reliance on Defendant's claims.

50.     Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiffs to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.

51.     Additionally, pursuant to Business & Professions Code, Section 17203, Plaintiffs seek an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

## THIRD CAUSE OF ACTION

### False Advertising in Violation of Cal. B&P § 17500, *et seq.*, On Behalf of

### Plaintiffs Yousif and Ioane and the California Class

52.     Plaintiffs allege and incorporate by reference each and every allegation contained in the paragraphs above, as if set forth in full herein.

53.     Plaintiffs and the Class have suffered injury in fact and lost money or property as a result of Defendant's conduct.

54.     Defendant advertises and markets the Advanced TV television cable service products in a false and misleading manner.

55.     Defendant knew or should have known that this advertising and marketing is untrue and/or misleading.

56.     Defendant has committed acts of untrue and misleading advertising, as defined by Cal. Bus. & Prof. Code, Section 17500, by engaging in the acts and practices described above with the intent to induce members of the public to purchase its products, Plaintiffs and the members of the Class relied on the false advertising campaign conducted by the Defendant, and sustained losses as a result of the false advertising campaign.

57.     Plaintiffs on behalf of themselves and all others similarly situated, seek an injunction prohibiting Defendant from continuing such practice, restitution, and all other relief this Court deems appropriate, consistent with the False Advertising Law, California Bus. & Prof. Code Sections 17500, *et seq.*

//

//

//

//

1

**FOURTH CAUSE OF ACTION**

2

**For Violation of Nevada's Deceptive Trade Practices Act (NRS 598 *et seq*) On Behalf of**

3

**Plaintiff Beimes and the Nevada Class**

4        58.      Plaintiff re-alleges and incorporates by reference the allegations contained in the

5    paragraphs above as if fully set forth herein.

6        59.      The acts, omissions, and practices of Defendant as alleged herein constituted, and

7    continue to constitute deceptive trade practices within the meaning of NRS §§ 598.0915 and

8    598.0925. Plaintiff has standing to bring this action under NRS § 598.0993 because he has

9    suffered injury in fact and has lost money because of Defendant's conduct.

10       60.      Defendant has engaged in "deceptive trade practices" by, in the course of its

11   business or occupation, knowingly making false representations and statements and omissions as

12   alleged above in connection with its offering of Advanced TV.  Defendant's actions described

13   herein constitute deceptive trade practices within the meaning of NRS §§ 598.0915 and 598.0925

14   in that Defendant's failure to disclose was likely to mislead Plaintiff and the Class.

15       61.      As a result of the conduct described above, Defendant has been and will be

16   unjustly enriched at the expense of Plaintiff and the Class.

17       62.      The aforementioned unlawful or unfair business acts or practices conducted by

18   Defendant has been committed in the past and continue to this day. Defendant has failed to

19   acknowledge the wrongful nature of its actions or take steps to correct its wrongful conduct or

20   provide full restitution and disgorgement of all ill-gotten monies either acquired or retained by

21   Defendant as a result thereof, thereby depriving Plaintiff and the Class of money.

22       63.      Pursuant to NRS § 598.0993, Plaintiff and the Class seek an order of this Court

23   requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and the Class full

24   restitution of all monies wrongfully acquired by Defendant by means of such deceptive conduct,

25   so as to restore any and all monies to Plaintiff and the Class and the general public, which were

26   acquired and obtained by means of such deceptive conduct, and which ill-gotten gains are still

27   retained by Defendant.  Plaintiff and the Class additionally request that such funds be impounded

28   by the Court or that an asset freeze or constructive trust be imposed upon such monies by

1  Defendant.  Plaintiff and the Class may be irreparably harmed and/or denied and effective and

2  complete remedy if such an order is not granted.

3                              **FIFTH CAUSE  OF ACTION**

4    **Violation of the Arizona Consumer Fraud Act (Ariz. Rev. Stat.§§ 44-1521 *et seq.*) On**

5                      **Behalf of Plaintiff Harrell and the Arizona Class**

6         64.      Plaintiff re-alleges and incorporates by reference the allegations contained in the

7  paragraphs above as if fully set forth herein.

8         65.      As alleged above, Defendant knowingly and intentionally misrepresented and

9  omitted material facts to Plaintiff and the Class and violated its duty not to do so.

10        66.      Plaintiff and the Class reasonably relied on Defendant's material

11  misrepresentations and omissions in its marketing of its Advanced TV television cable in paying

12  for Advanced TV.

13        67.      Defendant's use of deception, false promises, misrepresentations and material

14  omissions in connection with the sale and advertisement of Advanced TV violates the Arizona

15  Consumer Fraud Act, Ariz.  Rev.  Stat. § 44-1522(A).

16        68.      Had Plaintiff and the Class known that Defendant had engaged in the wrongful

17  conduct alleged above, they  would not have  purchased the Advanced TV or would  have paid

18  less for Advance TV.

19        69.      Plaintiff and the Class suffered injury in fact to a legally protected interest.  As a

20  result of Defendant's wrongful conduct, Plaintiff and Class members were harmed and suffered

21  actual  damages, including but not limited to, the amounts they paid for the unauthorized

22  Advanced TV charges.   Had Plaintiff and other Class Members known that they were being

23  charged unauthorized Advanced TV charges, they would not have purchased Advanced TV or

24  would have paid less for it.

25        70.      As a result of Defendant's conduct, Plaintiff and Class Members were  harmed

26  and  suffered actual  damages.

27  //

28  //

---

                                      17
                                  COMPLAINT

1

**SIXTH CAUSE OF ACTION**

2

**Breach of Express Warranty On Behalf of Plaintiffs and the Class**

3        71.        Plaintiffs re-allege and incorporate by reference the allegations contained in the

4   paragraphs above as if fully set forth herein.

5        72.        Plaintiffs, and each member of the Class, formed a contract with Defendant at

6   the time Plaintiffs and the other members of the Class purchased Advanced TV television cable.

7   The terms of that contract include the promises and affirmations of fact made by Defendant, as

8   described above.  These representations constitute express warranties, became part of the basis of

9   the bargain, and is part of a standardized contract between Plaintiffs and the members of the

10  Class on the one hand, and Defendant on the other.

11       73.        All conditions precedent to Defendant's liability under this contract have been

12  performed by Plaintiffs and the Class and/or these conditions have otherwise been satisfied.

13       74.        Defendant breached the terms of this contract, including the express warranties,

14  with Plaintiff and the Class by not providing the Advanced TV television cable service which

15  could provide the benefits described above at the price advertised by Defendant.

16       75.        As a result of Defendant's breach, Plaintiffs and the Class have been damaged

17  in an amount to be proven at trial.

18

**SEVENTH CAUSE OF ACTION**

19

**For Imposition of Constructive Trust On Behalf of Plaintiffs and the Class**

20       76.        Plaintiffs re-allege and incorporate by reference the allegations contained in the

21  paragraphs above as if fully set forth herein.

22       77.        Plaintiffs bring this claim individually and on behalf of the Class.

23       78.        Defendants have been unjustly enriched because they knowingly gained and

24  retained money in an inequitable manner at the expense of its customers and is thus accountable

25  to the Plaintiffs and Class members to restore such money and are holding in constructive trust

26  such monies for the benefit of Plaintiffs and the Class.

27       79.        Defendants may not in good conscience and equity retain the benefits from their

28  wrongful conduct and those monies belong instead to Plaintiffs and members of the Class.

80.     Plaintiffs request individually and on behalf of all Class Members that Defendants be required to disgorge all amounts wrongfully and unjustly obtained and be enjoined from continuing their deceptive acts and practices.

### EIGHTH CAUSE OF ACTION

#### For Conversion On behalf of Plaintiffs and the Class

81.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

82.     Defendants wrongfully took possession of Plaintiffs' and the Class' money as set forth herein.

83.     Plaintiffs and other members of the Class did not consent to Defendants taking and withholding said funds.

84.     Plaintiffs and other members of the Class have suffered harm as a result of Defendants' wrongful taking and withholding of their property.  Further, Plaintiffs and the members of the Class have been, and continue to be, to their further damage, unable to use the funds Defendants wrongfully took.

85.     In doing the things mentioned above, Defendant acted with malice, fraud and/or oppression, and in conscious disregard of Plaintiffs' and the Class' rights, so as to entitle Plaintiffs and the Class to recovery of punitive damages.  Plaintiffs are informed and believes, and thereon alleges, that all of the acts alleged herein against Defendant were performed, authorized or ratified by Defendant's officers, directors, and/or managing agents.  Accordingly, Plaintiffs and the Class are entitled to an award of punitive damages.

86.     Plaintiffs request individually and on behalf of all Class members damages in an amount to be proven at trial

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for judgment against Defendant as follows:

A.      For an order certifying this a class action and appointing Plaintiffs and their counsel to represent the Class;

B.      For declaratory relief finding that Defendant has engaged in unfair, unlawful, or fraudulent business acts or practices in violation of the CLRA and California Business & Professions Code §§ 17200, *et seq*. and 17500, *et seq*.; Ariz. Rev. Stat.§§ 44-1521 *et seq*. and NRS 598 *et seq*.

C.      For preliminary and permanent injunctive relief enjoining Defendant and its officers, directors, agents, distributors, servants, employees, attorneys, and all others in active concert or participation with Defendant from engaging in the false advertising campaign and selling Advanced TV television cable service using false and misleading statements and omissions and wrongful conduct;

D.      For restitution to all persons from whom Defendant unlawfully, unfairly, or fraudulently took money, including a full refund of all money spent on the illegal charges alleged above, and accrued interest, in addition to other unjust enrichment of Defendant, in an amount to be proven at trial;

E.      For restitution, disgorgement, or any other equitable relief this Court deems proper, including imposing a constructive trust on Defendant's excess profits from the improper and unlawful marketing and sale of Defendant's Advanced TV television cable offerings;

F.      For actual damages suffered by Plaintiffs and members of the Class;

G.      For punitive damages;

H.      For interest at the maximum rate allowed by law;

I.      For costs of suit;

J.      For Plaintiffs to be awarded attorneys' fees and all litigation expenses pursuant to the California Civil Code § 1780(d) and California Code of Civil Procedure § 1021.5. Alternatively, for all attorneys' fees and all litigation expenses to be awarded pursuant to the substantial benefit doctrine, the common fund doctrine, or any other provision of law; and

K.      For such other and further relief as the Court may deem just and proper.

//

//

//

**JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action where a trial by jury is permitted.

COLEMAN FROST LLP

Dated: May 29, 2015                    By: _____

Derrick Coleman
Attorneys for Plaintiffs MATTI YOUSIF, ELIZABETH
IOANE, ZACH BEIMES, and DAWN HARRELL

# EXHIBIT A



## Coleman Frost LLP

### 429 Santa Monica Blvd.
### Suite 700
### Santa Monica, CA 90401

February 17, 2015

<u>**Sent Via Certified Mail, Return Receipt Requested**</u>

David A. Bialis, Senior Vice-President and General Manager
Cox Communications California, LLC
5651 Copley Dr.
San Diego CA 92111

Cox Communications California, LLC
c/o CSC – Lawyers Incorporating Service
2370 Gateway Oaks Dr., Suite 100
Sacramento CA 95833

Cox Communications California, LLC
c/o Coxcom, LLC, Manager
6205 Peachtree Dunwoody Rd.
Atlanta GA 30328
Attn: Patrick J. Esser, President

Patrick J. Esser, President
CoxCom, LLC
1400 Lake Hearn Dr. N E
Atlanta GA 30319

Coxcom, LLC
c/o CSC – Lawyers Incorporating Service
2370 Gateway Oaks Dr., Suite 100
Sacramento CA 95833

Re:   *Matti Yousif v. Cox Communications California, LLC and Coxcom, LLC*

Greetings:

We represent Matti Yousif and all other consumers similarly situated with regard to their
claims against Cox Communications California, LLC and Coxcom, LLC (collectively hereafter

February 17, 2015
Re: Cox Communications California, LCC and Coxcom, LLC
Page 2

_____

"Cox") arising out of, inter alia, misrepresentations, either express or implied, by Cox to consumers concerning the amounts charged for its Advanced TV services.

Cox represented to consumers in its standardized, uniform marketing materials that the advertised price of Advanced TV includes the total amount of the monthly recurring fees for Advanced TV and applicable discounts (including, for example, temporary "promotional" rates that expire after a few months) and that the only other charges not included in the advertised price consist of government-mandated applicable taxes, fees, and surcharges. In reality, however, unbeknownst to Mr. Yousif and other consumers, and without their authorization or consent, Cox has charged, and continues to charge, separate, additional amounts for Advanced TV. Cox has failed, and continues to fail, to disclose these additional, unauthorized charges to consumers or that the price for Advanced TV as advertised by Cox does not include these additional, unauthorized charges. Mr. Yousif purchased Advanced TV from Cox and paid these additional, unauthorized charges in reliance upon Cox's misrepresentations, misleading statements, omissions and other wrongful conduct.

Cox's representations are false and misleading and, along with the deceptive over billing practices, constitute unfair methods of competition and unlawful, unfair and fraudulent acts or practices, undertaken by Cox with the intent to result in the sale of its Advanced TV offerings to the public. In fact, these representations do not assist consumers; they simply mislead them.

This practice constitutes a violation of the California Civil Code Section 1770(a) under, inter alia, the following subdivisions:

(a)     Representing that [Advanced TV television cable] has . . . characteristics, . . . uses [or] benefits . . . which [it does] not have . . . .

(b)     Representing that the purchase of the Advanced TV service confers or involves rights, remedies, or obligations which it does not have or involve….

(c)     Advertising [Advanced TV television cable] with intent not to sell [it] as advertised.

(d)     Representing that [Advanced TV television cable] [has] been supplied in accordance with a previous representation when [it has] not.

California Civil Code Section 1770(a)(5)-(16).

February 17, 2015
Re: Cox Communications California, LCC and Coxcom, LLC
Page 3

Cox's claims and billing practices also constitute violations of California Business and Professions Code Sections 17200 and 17500 *et seq*, conversion and a breach of the express and implied warranties related to the sale of the Advance TV services.

Pursuant to California Civil Code Section 1782, we hereby demand on behalf of our client and all others similarly situated in California that Cox immediately correct and rectify this violation of California Civil Code Section 1770 by ceasing the misleading marketing campaign, ceasing the dissemination of false and misleading information, and by engaging in an appropriate corrective advertising campaign. In addition, Cox should offer to refund the improper Advanced TV charges to all consumer purchasers of these services, plus reimbursement for interest, costs and fees.

Mr. Yousif will, after 30 days from the date of this letter, file a Complaint against Cox seeking, among other remedies, claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims would also include claims under theories of unlawful business acts and practices, unfair and fraudulent business acts and practices, false and deceptive advertising, as well as the claims under the Consumer Legal Remedies Act, conversion and breach of express and implied warranties. Thus, to avoid further litigation, it is in the interest of all parties concerned that Cox address this problem immediately.

Cox must undertake all of the following actions to satisfy the requirements of California Civil Code Section 1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the Cox Advanced TV services who reside in California;

2. Notify all such consumers so identified that upon their request, Cox will offer an appropriate correction for its wrongful conduct, which can include a full refund of the purchase price paid for such services, plus interest, costs and fees;

3. Undertake (or promise to undertake within reasonable time if it cannot be done immediately) the actions described above for all purchasers who so request; and

4. Cease from expressly or impliedly representing to consumers that Cox's price for Advanced TV services includes the total amount of the monthly recurring fees for Advanced TV and applicable discounts (including, for example, temporary "promotional" rates that expire after a few months) and that the only other charges not included in the advertised price consist of government-mandated applicable taxes, fees, and surcharges. .

In addition, we remind you of your legal duty to preserve all records relevant to such litigation. This firm anticipates that all e-mails, letters, reports, and internal corporate instant

February 17, 2015
Re: Cox Communications California, LCC and Coxcom, LLC
Page 4

messages that relate to the formulation and marketing of the Advanced TV services will be sought in the forthcoming discovery process.  Therefore, you must inform any employees, contractors, and third-party agents (for example, advertising agencies handling your services account) to preserve all such relevant information.

We await your response.

Sincerely,

Derrick Coleman
COLEMAN FROST LLP

EXHIBIT B

## DECLARATION OF MATTI YOUSIF

I, Matti Yousif, declare as follows:

I am the plaintiff in the above-entitled action and make this declaration to the best of my knowledge, information and belief of the facts stated herein.

I am over twenty-one years of age and am a resident of San Diego, California.

I purchased the television subscription at issue in this action while in San Diego County.

Defendant conducts business in the County of San Diego.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was signed on the 27 day of May 2015, at San Diego, California.

Matti Yousif